UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUEDA GALVAN, SOPHIA ARCE [a minor],<br><br>  Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants | CASE NO. 1:12-CV-1698 AWI DLB<br><br>ORDER RE: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

**I. History**

Sophia Arce was delivered to Agueda Galvan ("Plaintiffs") on September 29, 2010, by Dr. Brock at Doctors Medical Center. As a result of negligent examination, Plaintiff Galvan had to be induced into labor more than five weeks before her due date; Plaintiff Arce sustained birth injuries including respiratory system underdevelopment. Plaintiff Arce was required to stay in post-natal intensive care for one month, and Plaintiff Galvan suffered injuries to her reproductive system.

On May 26, 2011, the United States Department of Health and Human Services ("HHS") received an administrative claim from Plaintiff Galvan and on June 6, 2011, HHS received an administrative claim from Plaintiff Arce. On September 13, 2011, Plaintiffs filed a lawsuit in Stanislaus County Superior Court against Dr. Brock, Doctors Medical Center, Advanced Imaging Center, and Golden Valley Health Centers ("Golden Valley") for medical malpractice. The action was removed to federal court on December 16, 2011, as Civ. Case No. 11-2079. Golden Valley is

a federally funded healthcare facility; Defendant United States was substituted as the proper defendant in place of Golden Valley and Dr. Brock. On June 11, 2012, the United States made a motion to dismiss for lack of subject matter jurisdiction, arguing that the case was filed prematurely and so failed the administrative exhaustion requirement of the Federal Tort Claims Act ("FTCA. On October 11, 2012, the court granted the motion, remanding the case to Stanislaus County Superior Court for adjudication of the claims against the remaining defendants in that case.

On October 16, 2012, Plaintiffs filed the present case, again claiming medical malpractice; Plaintiffs explicitly cited to the FTCA and the Federally Supported Health Centers Assistance Act as the bases of subject matter jurisdiction. On December 19, 2012, the United States made a motion to dismiss for lack of subject matter jurisdiction, arguing that the second case was filed too late and thus barred by the FTCA. Plaintiffs filed an opposition and the United States filed a reply that included additional evidence. The matter was taken under submission without oral argument. However, as this motion deals with subject matter jurisdiction, the court permitted additional briefing from both sides to address the new materials contained in the reply.

**II. Legal Standards**

Fed. Rule Civ. Proc.12(b)(1) allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). A Rule 12(b)(1) jurisdictional attack may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are

insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

    Rule 12(b)(1) attacks on jurisdiction can be factual, permitting the court to look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). However, in the absence of a full-fledged evidentiary hearing, disputed facts should be resolved in favor of the non-moving party. Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1156 (9th Cir. 2007); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996); Greene v. United States, 207 F.Supp.2d 1113, 1119 (E.D.Cal. 2002).

### III. Discussion

    The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising

3

from the negligence of Government employees." <u>Jerves v. United States</u>, 966 F.2d 517, 518 (9th Cir. 1992). Claims of medical malpractice against federally-funded health care facilities and their employees acting in the scope of their employment must be pursued against the United States under the FTCA. See 42 U.S.C. § 233(g). The United States asserts that the court lacks subject matter jurisdiction because Plaintiffs have not complied with the administrative exhaustion time limits set out by the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six month after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Though the statute is plainly written as a disjunctive, the Ninth Circuit has construed the language to require satisfaction of both time limits. <u>Dyniewicz v. United States</u>, 742 F.2d 484, 485 (9th Cir. 1984) ("Section 2401(b) establishes two jurisdictional hurdles both of which must be met. A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred"). Failure to satisfy Section 2401(b) requirements deprives a court of subject matter jurisdiction. <u>Marley v. United States</u>, 567 F.3d 1030, 1038 (9th Cir. 2009); see also <u>Warren v. United States Dep't of Interior Bureau of Land Management</u>, 724 F.2d 776, 778 (9th Cir. 1984) (en banc) (finding related statute 28 U.S.C. § 2675(a) sets out subject matter jurisdiction, "The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency").

The United States asserts Plaintiffs have not met the second part of Section 2401(b) as a final agency denial was mailed on January 24, 2012 but Plaintiffs did not file this present suit until October 16, 2012. Doc. 16, Part 1, United States Brief, 2:19-24. The United States has provided copies of the denial letter itself and a certified mail return receipt showing that Yanira Menjivar, a receptionist who works in the building where Plaintiffs' counsel has offices, signed for the denial letter. Doc. 21, Part 2, Exs. A and B.

Plaintiffs assert that they did not actually receive the final denial letter (surmising that it must have been lost in the process of being routed to counsel's office). Doc. 20, Plaintiffs

4

1  Opposition, 3:1-6.  Plaintiffs argue that actual receipt is required to trigger the six month deadline
2  based on the requirements of due process. Doc. 25, Plaintiffs Supplement, 3:20-4:10.  The Ninth
3  Circuit has specifically rejected Plaintiffs' argument in an earlier case. <u>Berti v. V.A. Hospital</u>, 860
4  F.2d 338, 340 (9th Cir. 1988) ("Berti would have this court impose the additional requirement that
5  the mailing result in actual notice to the claimant....we refrain from adopting Berti's proposal").
6  The opinion notes that the statutory language specifically references "mailing, by certified or
7  registered mail, of notice of final denial of the claim" as the key date that starts the six month
8  limitations period. 28 U.S.C. §2401(b).  In this case, the United States has provided proof that they
9  sent the letter by U.S. Postal Service Certified Mail on January 24, 2012. Doc. 21, Part 2, Ex. A.
10 Plaintiffs' suit, filed October 16, 2012, is time barred.

11      In the alternative, Plaintiffs make arguments that sound in equity (concerning the United
12 States's earlier silence on the issue of the denial letter and implicitly raising the length of time the
13 prior case was pending), touching upon the theories of equitable tolling or estoppel. Doc. 25,
14 Plaintiffs Supplement, 4:14-20.  Ninth Circuit precedent on whether equitable doctrines apply to
15 FTCA's statute of limitations is a tangled thicket.  Dealing specifically with the requirements of
16 Section 2401(b), the earliest case law appears to be <u>Dyniewicz</u>.  In that case, the plaintiff filed an
17 administrative claim more than two years after the FTCA claim accrued: "Appellants imply that
18 the statute should be tolled because the Government knew of the negligence of the rangers and did
19 not come forward with that information. The statute will not be tolled unless there is fraudulent
20 concealment of information. Such concealment requires affirmative misrepresentations on the part
21 of the defendant. Silence or passive conduct is not sufficient. The failure of the United States does
22 not constitute fraudulent concealment." <u>Dyniewicz v. United States</u>, 742 F.2d 484, 487 (9th Cir.
23 1984), citations omitted.  The very next year, a different panel of the Ninth Circuit instead stated
24 that "We have considered Burns's remaining contentions... that principles of equity should toll the
25 statute of limitations, 28 U.S.C. § 2401(b). We find that these contentions lack merit. Both
26 requirements are jurisdictional. The government may not be equitably barred from asserting
27 jurisdictional requirements." <u>Burns v. United States</u>, 764 F.2d 722, 724 (9th Cir. 1985).  In dissent,
28 Judge Stephen Reinhardt pointed out the conflict with <u>Dyniewicz</u>. <u>Burns v. United States</u>, 764

F.2d 722, 727 (9th Cir. 1985) (Reinhardt dissent).

For many years afterwards, Ninth Circuit panels have gone back and forth, coming to different conclusions on whether Section 2401(b) was amenable to equitable tolling/estoppel. Some panels have followed Dyniewicz in applying equitable doctrines. See Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008); Papa v. United States, 281 F.3d 1004, 1011 (9th Cir. 2002); Lehman v. United States, 154 F.3d 1010, 1015-17 (9th Cir. 1998); General Dynamics Corp. v. United States, 139 F.3d 1280, 1289 (9th Cir. 1998); Zavala v. United States, 876 F.2d 780, 783-84 (9th Cir. 1989). Others have followed Burns and found equitable doctrines unavailable. See Vacek v. United States Postal Serv., 447 F.3d 1248, 1253 (9th Cir. 2006); Berti v. V.A. Hospital, 860 F.2d 338, 340 (9th Cir. 1988). Most of these cases simply cited earlier precedent (either Dyniewicz or Burns) and applied it without discussing the alternate line of case law. This split in Ninth Circuit authority was recognized by Seastrom v. Dep't of the Army, 2008 U.S. Dist. LEXIS 98956, *6 (N.D. Cal. Nov. 26, 2008).

Two other Ninth Circuit opinions examined the issue directly, in depth but they came to opposite conclusions. See Alvarez-Machain v. United States, 107 F.3d 696 (9th Cir. 1997); Marley v. United States, 567 F.3d 1030 (9th Cir. 2009). Alvarez-Machain is the earlier opinion and it stated that equitable tolling was applicable to FTCA claims. The latter case, Marley, directly addressed Alvarez-Machain, stating "that holding has no precedential value," explaining that "After the panel's decision issued, our court voted to rehear the case en banc. See Alvarez-Machain v. United States, 284 F.3d 1039 (9th Cir. 2002) (order). The order granting rehearing en banc stated: 'The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.' Id. at 1040. The panel's holding regarding § 2401(b) therefore lost its precedential value, except to the extent that the en banc court later adopted it. The en banc opinion did not discuss the FTCA statute of limitations." Marley v. United States, 567 F.3d 1030, 1037-38 (9th Cir. 2009). Marley's explanation does not comport with this court's understanding of the procedural history in Alvarez-Machain.

Humberto Alvarez-Machain was a national of Mexico who was kidnapped from that

country by American agents in violation of Mexican law and brought to this county to face murder charges.  This situation gave rise to a long and convoluted legal process that reached the Ninth Circuit and the U.S. Supreme Court multiple times in both criminal and civil contexts; the civil opinion relevant to this case is Alvarez-Machain v. United States, 107 F.3d 696 (9th Cir. 1997), sometimes referred to as Alvarez-Machain III.  In relevant part, the Ninth Circuit concluded that "Nothing in the FTCA indicates that Congress intended for equitable tolling not to apply. Hence, equitable tolling is available for FTCA claims in the appropriate circumstances; and the circumstances of this case are highly appropriate for tolling." Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997).  In part, Alvarez-Machain III was based on U.S. Supreme Court precedent which stated,

> A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990), citations omitted (applying equitable tolling to the statute of limitations set be 42 U.S.C. § 2000e-16(c), Title VII employment discrimination).  Alvarez-Machain III also ruled that plaintiff could bring claims under the Torture Victim Protection Act ("TVPA") and Alien Tort Claim Act ("ATCA"), remanding the case to the district court. Alvarez-Machain v. United States, 107 F.3d 696, 702-4 (9th Cir. 1997).  A party made a petition for writ of certiorari, but the U.S. Supreme Court denied review. Berellez v. Alvarez-Machain, 522 U.S. 814 (1997).  After further district court proceedings, the case came back to the Ninth Circuit.  That Ninth Circuit's opinion, sometimes referred to as Alvarez-Machain IV, discussed the foreign activities exception and false arrest under FTCA and other issues relating to TVPA and ATCA; statute of limitations and tolling under the FTCA were not part of the opinion. Alvarez-Machain v. United States, 266 F.3d 1045, 1049 (9th Cir. 2001). Alvarez-Machain IV was taken up for en banc review. Alvarez-Machain v. United States, 284 F.3d 1039, 1040 (9th Cir. 2002).  The en banc decision dealt solely with the issues raised in

1  Alvarez-Machain IV; it did not deal with issues contained in Alvarez-Machain III. See Alvarez-
2  Machain v. United States, 331 F.3d 604, 641 (9th Cir. 2003). The en banc decision was appealed
3  to the U.S. Supreme Court, which similarly did not touch upon the relevant Alvarez-Machain III
4  holdings. See Sosa v. Alvarez-Machain, 542 U.S. 692 (2004).

   Marley interpreted this procedural history as rendering Alvarez-Machain III non-precedential. This court is inclined to disagree. When a case reaches the Ninth Circuit multiple times resulting in multiple three judge panel opinions, an order granting rehearing en banc appears to only render the specific opinion taken up on en banc review non-precedential; earlier three judge panel opinions should remain valid precedent. See Mount Hope Church v. Bash Back, 705 F.3d 418, 426 (9th Cir. 2012) (opinion cites to Nordyke v. King, 319 F.3d 1185, 1197 n.10 (9th Cir. 2003), which is an earlier three judge panel decision unaffected by en banc review of a later three judge panel decision). In one Ninth Circuit case that cited Alvarez-Machain III for its discussion of FTCA accrual, the panel discussed the procedural history of the case:

> We also so held [release from custody determines accrual] in Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1997) [Alvarez-Machain III]. This opinion in Alvarez-Machain led to a petition for certiorari, which the Supreme Court denied. Berellez v. Alvarez-Machain, 522 U.S. 814 (1997). The mandate issued and the case was remanded. After remand, the case returned to us. Following a panel opinion [Alvarez-Machain IV], we reheard the case en banc and issued an opinion. Alvarez-Machain v.United States, 331 F.3d 604 (9th Cir. 2001) (en banc). The Supreme Court then granted certiorari. Sosa v. Alvarez-Machain, 157 L. Ed. 2d 692 (2003). Neither our subsequent opinions nor the questions on which the Supreme Court granted certiorari address the statute-of-limitations issue

Erlin v. United States, 364 F.3d 1127, 1133 n.19 (9th Cir. 2004). The language of the opinion implicitly recognizes the distinction between the precedential effect of Alvarez-Machain III and Alvarez-Machain IV. As far as this court can determine from the procedural history, Alvarez-Machain III remains goods law.

   Putting aside the uncertainty over the precedential value of Alvarez-Machain, Marley explains on the merits that whether equitable doctrines can be applied to Section 2401(b) is absolutely determined by whether Section 2401(b)'s requirements are an issue of subject matter jurisdiction; Marley considers the two as one and the same:

> We conclude that we do not have jurisdiction and, therefore, cannot apply the

> doctrines of equitable estoppel or equitable tolling that might otherwise allow Plaintiff's case to proceed....
>
> The FTCA's statute of limitations is a condition of the federal government's waiver of sovereign immunity. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) ('[T]he [FTCA] waives the immunity of the United States and in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.'). '[W]hen Congress attaches conditions to legislation waiving sovereign immunity of the United States, those conditions must be "strictly observed."' Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). Meeting the statutory deadlines, then, is generally a condition upon which the ability to sue the federal government is predicated.
>
> In certain circumstances, however, a late filing may not be fatal, as a court may employ equitable doctrines to excuse a claimant's tardiness. The Supreme Court recognized in John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008), that equitable doctrines are available to extend statutes of limitations in many cases. 'Most statutes of limitations,' the Court explained, 'seek primarily to protect defendants against stale or unduly delayed claims.' Id. When considering that kind of statute, courts have flexibility to toll the limitations period 'in light of special equitable considerations.' Id.
>
> In other cases, time limits are 'more absolute.' Id. If a statute of limitations aims 'not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency,' a court's flexibility in using equitable doctrines to extend deadlines is limited. Id. (citations omitted). When construing a statute containing a strict limitations period, the Court has 'often read the time limits...as more absolute, say as...forbidding a court to consider whether certain equitable considerations warrant extending a limitations period.' Id. These statutes of limitations have been referred to, in 'shorthand,' as 'jurisdictional.' Id.
>
> Resolution of the present case, then, depends on how to categorize the six-month filing deadline of § 2401(b). If the time limit is 'jurisdictional,' we can apply neither equitable estoppel nor equitable tolling to save Plaintiff's case. Id. If the time limit is instead intended to be only a procedural bar, equitable doctrines may apply. Id.

Marley v. United States, 567 F.3d 1030, 1034-35 (9th Cir. 2009). Other cases have assumed that it is possible for Section 2401(b) requirements to be subject matter jurisdiction and for equitable doctrines to apply, treating the two as separate issues. See Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir. 2008) ("their suit was untimely under 28 U.S.C. § 2401(b) because it was filed more than two years later. In the absence of an equitable remedy, the district court lacked jurisdiction"); cf. Burns v. United States, 764 F.2d 722, 726 (9th Cir. 1985) (Reinhardt, dissenting) ("My colleagues note that the statute of limitations that governs the FTCA administrative claim requirement is jurisdictional. They are correct. However, because of this characterization, they

conclude that not only estoppel, but also equitable tolling, is unavailable. I believe that in doing so they overlook the distinctions between the two doctrines"). This difference may account for much of the confusion and conflict between earlier Ninth Circuit opinions.

Since 2009, Marley's holding has been widely cited by subsequent Ninth Circuit opinions. See Adams v. United States, 658 F.3d 928, 933 (9th Cir. 2011); Banares v. Demore, 417 Fed. Appx. 638, 639 (9th Cir. 2011); Waltz v. United States, 415 Fed. Appx. 782 (9th Cir. 2011); Eggers v. United States, 368 Fed. Appx. 805, 807 (9th Cir. 2010); N. Am. Broad., LLC v. United States, 306 Fed. Appx. 371, 373 (9th Cir. 2008), citing earlier, unamended version of Marley at 548 F.3d 1286. Similarly, recent Eastern District precedent has consistently followed Marley in finding that equitable tolling/estoppel analysis is not applicable to an FTCA statute of limitations. See Napier v. United States, 2013 U.S. Dist. LEXIS 20349, *5 (E.D. Cal. Feb. 13, 2013); Machart v. Arvin Cmty. Health Ctr., 2013 U.S. Dist. LEXIS 1598, *8-9 (E.D. Cal. Jan. 4, 2013); Childs v. United States, 2012 U.S. Dist. LEXIS 79389, *3-4 (E.D. Cal. June 7, 2012); Schmidt v. United States, 2011 U.S. Dist. LEXIS 54387, *13 (E.D. Cal. May 20, 2011); Pineda v. United States Postal Serv., 2010 U.S. Dist. LEXIS 17231, *3 (E.D. Cal. Feb. 25, 2010); Walker v. United States, 2009 U.S. Dist. LEXIS 85185, *16 (E.D. Cal. Sept. 16, 2009); Mar v. United States, 2009 WL 737040, *5 (E.D. Cal. Mar. 19, 2009). Based on the sheer weight of the recent case law, this court feels compelled to fall in line and find that equitable doctrines do not apply to FTCA statute of limitations. However, the Ninth Circuit precedent is pointedly in conflict with itself, especially with the uncertainty surrounding Alvarez-Machain. Thus, Plaintiffs may consider appealing this order.

### IV. Order

The United States's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

IT IS SO ORDERED.

Dated:   July 15, 2013                          _____
                                                                SENIOR DISTRICT JUDGE